THOMAS W. FERGUSON *vs.* JOSEPH F. DEAN & another.

Suffolk. January 16. — 17, 1882. LORD & FIELD, JJ., absent.

A bill of exceptions tendered by the defendant, in an action upon a promissory note to which the defence was payment by a second note, stated that the judge, who tried the case without a jury, found that the second note was given as collateral security for the first, and not as payment, and that the defendant contended that there was no evidence in the case to sustain such finding, and omitted to state that the plaintiff testified that he did not take the second note in payment of the note in suit. *Held*, that the exceptions were rightly disallowed.

PETITION to establish the truth of exceptions alleged by Thomas W. Ferguson in an action brought against him by Joseph F. Dean and another, and disallowed by *Wilkinson*, J., who presided at the trial in the Superior Court. The facts appear in the opinion.

*T. E. Barry*, for the petitioner.

*D. E. Ware*, for the respondents, was not called upon.

MORTON, C. J. The exceptions tendered by the petitioner to the judge who presided at the trial differ substantially from the exceptions proved before the commissioner.

The action was against the indorser of a promissory note, to which the defence was payment by the giving a second note. The only exception alleged at the trial was to the ruling of the judge that the second note was given as collateral security for the note in suit, and not as payment, the defendant contending that, upon all the evidence in the case, the plaintiff was not entitled to recover. It appears by the commissioner's report that the plaintiff Dean testified at the trial that he did not take the second note in payment of the note in suit. This testimony the defendant omitted in his exceptions presented to the judge. It is clear that this testimony bore directly upon the subject to which the exception relates, and was material and important. It may have been the evidence which controlled the mind of the judge, who tried the case without a jury, in coming to the conclusion which he reached, and which the defendant excepted to as not justified upon all the evidence. The petitioner therefore fails to prove that the exceptions presented by him were substantially conformable to the truth. They were for this reason rightly disallowed. *Crow* v. *Stowe*, 113 Mass. 153, and cases cited. The petitioner is not entitled to have the validity either of the exceptions presented or of the exceptions proved considered by this court.

*Petition dismissed.*