GEORGE S. HOWE *vs.* MARY W. DICKINSON & others.

WILLIAM H. JOURDAN & others *vs.* SAME.

WILLIAM H. CRAWFORD & another *vs.* SAME.

SAMUEL E. HULL *vs.* SAME.

CYRUS G. WOOD *vs.* SAME.

CITIZENS' NATIONAL BANK *vs.* SAME.

Worcester.    September 30, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Executor — Carrying on Business — Personal Liability — Opening to Jury.*

In actions of contract seeking to charge the defendants personally for goods purporting to be sold to the W. F. Co., and upon notes signed with that name, the plaintiffs' counsel in his opening stated that W. D., whose executors and residuary legatees the defendants were, formerly did business alone under that name, and gave and indorsed notes signed "W. F. Co., S. F. D., Treasurer," by his son and manager S. F. D., who was called the "Treasurer"; that after his death the business went on without a break in the same way as before, and the notes were in the same form except that they were indorsed by S. F. D., who continued to be treasurer and manager; that the contracts sued on were made since W. D.'s death; that the business debts outstanding at W. D.'s death were paid out of the same; and that all these facts except the last were known to the plaintiffs. The counsel then added, that the plaintiffs were aware that the defendants'

evidence would tend to prove that, by agreement of the executors, S. F. D. took the business, assuming the liabilities and taking the assets, and carried it on as his own; that this evidence the plaintiffs might not be able to control, but did not admit; and that they claimed the right to hold the defendants on the facts stated, unaffected by such private arrangement. *Held,* that the counsel's reference to the defendants' case did not import an admission of the facts referred to, and that the plaintiffs were entitled to go to the jury.

SIX ACTIONS of contract for goods sold and upon promissory notes. The defendants were described in the several writs as " executors of the last will and testament of William Dickinson, late of said Worcester, deceased, carrying on the business as the Worcester Felting Company which the said William Dickinson at the time of his decease was carrying on in the same name." The cases were tried together in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiffs' counsel, in his opening to the jury, stated that the plaintiffs would show that "the Worcester Felting Company," before the death of William Dickinson of Worcester, who died September 6, 1887, was the name under which he carried on a private manufacturing business of which he was the sole proprietor; that Samuel F. Dickinson, his oldest son, was in the employ of his father, and was to a great extent in charge of the manufacturing business, and was called the " Treasurer "; that purchases of stock were quite uniformly paid for by notes on six months' time, which were signed " Worcester Felting Co., S. F. Dickinson, Treasurer," and were indorsed by William Dickinson; that William Dickinson, who was a man of large property, and at the time of his death left a large amount of this paper outstanding, by his will appointed his wife, who was the first named defendant, his daughter, and his two sons, one of whom was Samuel F. Dickinson, as his executors, and in the fifth item gave the residue of his estate to these four in equal parts, requesting therein that such residue should be divided and paid over within two years of his decease, so far as the same could be collected; that all the executors named in the will were duly qualified; that the business of manufacturing at the Felting Company's mill went on after the death of William Dickinson in the same name, and the payments for purchases with six months' paper was continued, the only change being

that after his death the paper, which was still signed " Worcester Felting Company, S. F. Dickinson, Treasurer," was indorsed by Samuel F. Dickinson; that the whole outstanding indebtedness of the business at the time of William Dickinson's death was taken care of and paid out of the business, as it was carried on; that each of the plaintiffs in these actions had dealt with the Worcester Felting Company in William Dickinson's lifetime, and knew that he was the sole proprietor of the business, had knowledge of his death, and of the contents of his will, knew who were the executors thereof, and that the same person who had managed the business theretofore, Samuel F. Dickinson, who was an executor, continued to conduct and manage the business; and that each plaintiff sold the goods in question, and the plaintiff in the sixth case discounted a note on which its action was based, on the credit of William Dickinson's estate, and in the belief that the property of William Dickinson, either in the hands of his executors, or his devisees and legatees, who were the same persons, was holden.

The plaintiffs' opening concluded as follows: " The plaintiffs are now made aware what the testimony of the defendants will tend to prove, that the four executors, constituting the whole family and all the devisees and legatees, met and verbally agreed that Samuel F. Dickinson should take the felting business, assuming the liabilities and taking the assets, and carrying it on as his own, and that he did so; and that subsequently the personal property of the estate of William Dickinson was divided between them. This evidence the plaintiffs may not be able to control, but do not admit. No notice of any such arrangement was ever given publicly, nor did these plaintiffs have any knowledge or individual notice thereof, and the plaintiffs claim that their rights are therefore unaffected by such private arrangement, and they claim to hold the defendants as holding themselves out on the facts stated above, not otherwise, to be the persons conducting the said business, if not as executors winding up William Dickinson's estate, then as individuals owning the property employed in the business and carrying it on, by one of their number, either as partners or joint owners."

The judge ruled upon this opening, considered as an offer of proof, that the actions could not be maintained, and ordered a

verdict in each case for the defendants; and the plaintiffs alleged exceptions.

*W. S. B. Hopkins & B. W. Potter, (F. B. Smith* with them,) for the plaintiffs.

*G. F. Hoar & W. W. Rice, (E. B. Stoddard & T. H. Gage* with them,) for the defendants.

HOLMES, J. These are actions seeking to charge the defendants personally for goods which purported to be sold to the Worcester Felting Company, and upon notes signed with that name. The case was taken from the jury on the plaintiffs' opening, which shortly stated, was as follows. Formerly "the Worcester Felting Company" was the name under which William Dickinson did a manufacturing business alone. He gave notes signed "Worcester Felting Company, S. F. Dickinson, Treasurer," and indorsed by himself, William Dickinson. He is dead, and the contracts sued upon were made since his death. The defendants are his executors and residuary devisees and legatees. The business went on without a break, in the same way as before, and the notes were in the same form, except that now they were indorsed by Samuel F. Dickinson, one of the defendants, who was treasurer and manager both before and after his father's death. The whole indebtedness of the business outstanding at William Dickinson's death was paid out of the business. All these facts except the last were known to the plaintiffs.

Had the opening stopped here, it would have presented a case for the jury. The use of the trade name and good will, which were assets of the estate, and the payment of the old debts, for which the defendants were liable as executors, were sufficient to warrant the inference that the defendants were carrying on their testator's business, and did actually contract with the plaintiffs under the name of the Felting Company, in which case, of course, they would be bound personally.

The plaintiffs' counsel, however, went on to state that they were made aware that the defendants' testimony would tend to prove that, by agreement of the four executors, Samuel F. Dickinson took the felting business, assuming the liabilities and taking the assets, and carrying it on as his own. This evidence, he said, they might not be able to control, but did not admit, and went

on to say that they claimed the right to hold the defendants on the facts stated, unaffected by such private arrangement. The latter claim, on which no doubt the emphasis was laid, we do not perceive the justification for on the facts as we understand them. And we think it probable that this led the judge below to understand the plaintiffs as making a protesting admission that the business was in fact carried on by Samuel F. Dickinson alone. We cannot so interpret the spoken words, however. We must take them as reserving all rights, including the *spes* or possibility of their being able to upset the defendants' story on cross-examination. If so, the plaintiffs had a right to go to the jury on the ground above stated.

*Exceptions sustained.*