FRANK C. TAYLOR *et al.* v. CHARLES A. RIGGS *et al.*
### No. 310.

1. CHATTEL MORTGAGES—*Fraud—Estoppel of Subsequent Mortgagee by Recitals.* Plaintiffs, who held a chattel mortgage on the copartnership property of Riggs Brothers, made expressly subject to prior mortgages of some of the defendants, by their petition asked to enforce the lien thereby created and to marshal the assets of the copartnership, and therein attempted to defeat the prior liens by allegations and proof of a want of consideration therefor and an intent on the part of Riggs Brothers in making them to defraud the plaintiffs and other creditors, participated in by the prior mortgagees. *Held*, that by the recitals of their mortgage they are estopped from so doing, and that they cannot so enlarge the scope of the contract which they accept and seek to enforce.

2. ———— *Preferences—Voluntary Assignment.* Riggs Brothers made fourteen mortgages on their stock of goods. They were at the time insolvent. These mortgages were each made directly to the creditor without the intervention of a trustee, to secure debts, reserving the right of possession until default in payment, with the right of redemption. *Held*, that they did not constitute a voluntary assignment for the benefit of creditors under the statute.

3. ———— *Creditor's Bill—Participation in Assets—Rights of Creditors without Judgments.* Creditors of a copartnership, whose claims are not reduced to judgment but are admitted by the record to be valid claims, and who are made defendants to a petition to marshal the assets of such copartnership, have a right to participate in the distribution of such assets, where it appears that the partnership and the copartners individually are insolvent, and that all their assets are involved in the suit and in the custody of the court through its receiver, and for this purpose such creditors may by their answer attack for fraud chattel mortgages given by the copartners to other creditors, which are sought to be enforced in such proceeding.

Error from Jackson district court; LOUIS A. MYERS, judge. Opinion filed April 26, 1899. Reversed in part.

### STATEMENT.

Taylor Bros. & Co. began this action in the nature of a creditor's bill to marshal the assets of the co-

partnership of Riggs Brothers.  They claim a specific
lien on the property mortgaged, under a mortgage given
them by Riggs Brothers, which was made expressly
subject to the mortgages of M. C. Stewart, the First
National Bank of Holton, C. J. Hamble, and J. B.
Riggs.  They allege in their petition that these prior
mortgages were made without consideration, for the
purpose of hindering, delaying and defrauding them
and other creditors of Riggs Brothers, and ask to have
them so declared, and that they have a prior lien under
their mortgage.   Z. T. Lindsay and the W. W. Ken-
dall Boot and Shoe Company, defendants below, were
judgment creditors of the copartnership, and had
caused execution to be levied on the property before
this suit was begun.   B. F. Richardson, Wingate,
Stone & Wells Mercantile Company, Charles P. Kellogg
& Co., Englehart, Winning & Davidson  Mercantile
Company, Jansen & Freyschlag, and the Queen City
Glove Company, who were creditors of the copartner-
ship, were made defendants.  Mortgages had been made
to each of them, and filed in the order, in point of time,
in which their names are herein recited.

In their answers, each of the last-named creditors
except  Charles P. Kellogg & Co. made claim under
their mortgages, which contain recitals making them
expressly subject to the prior mortgages above named.
They likewise in their answers attacked the validity
of these prior mortgages.   Charles P. Kellogg & Co.
made no claim under their mortgage, but were in the
attitude of simple contract creditors, alleging fraud on
the part of the mortgagees ; alleging that such mort-
gagees took their mortgages with the express under-
standing that they should be fraudulently withheld
from record, in order that Riggs Brothers might have
a credit to which they were not entitled, whereby

Kellogg & Co. were induced to sell to Riggs Brothers large amounts of goods, and by reason thereof they are entitled to subrogation to these prior mortgages. At the beginning of the suit, on the application of Lindsay and the Kendall company, an injunction restraining the disposition of the goods was allowed, and a receiver was appointed who took charge of them.

These mortgages recited and admitted the indebtedness of Riggs Brothers to the several creditors. By the answers, as well as the petition, judgment for the amount due to each of them was prayed, and was recovered upon the final hearing of the case. Pending the suit, under the direction of the court, the property was sold by the receiver and the money brought in to abide the result of the suit. The holders of the prior mortgages charged to have been made with a fraudulent intent contended upon the trial that those creditors who were claiming under their mortgages containing the recitals of the prior mortgages, and in terms making each expressly subject thereto, were estopped by such recitals from controverting the validity of their prior liens. As to those not claiming under mortgages, they contended that, being simple contract creditors, they could not be heard to impeach the validity of the mortgages, and had no standing in court, and the court had no jurisdiction at their instance to investigate the validity of the prior mortgages. Upon the hearing the court sustained these contentions, and refused the admission of evidence on the part of both classes of creditors tending to impeach the validity of the prior mortgages.

At the request of the parties the court made special findings of fact, confirming the making of the mortgages to each of the parties according to their expressed terms, ascertaining the amounts of money due to each

of the creditors as alleged in their respective pleadings, and finding the priorities according to the express terms and conditions of the mortgages; finding also that J. F. Purvis, claiming under the Stewart mortgage in behalf of Stewart, the Bank of Holton, Hamble, and J. B. Riggs, took possession of the mortgaged property and had it in his actual possession, and was proceeding to sell under the mortgages at the time the suit was brought; the sale of the goods by the receiver and the amount they brought; the allowance of the injunction; and the appointment of the receiver.

The court found as conclusions of law, that the answers of Charles P. Kellogg & Co., B. F. Richardson & Co. and Englehart, Winning & Davidson Mercantile Company did not state facts sufficient to constitute causes of action against their codefendants Stewart, Riggs, Hamble, and the bank, or either of them, because their answers did not show said defendants to be judgment creditors of the defendants Riggs Brothers, and therefore they had no right or standing in this action to question the validity of the mortgages of their codefendants Stewart, Riggs, Hamble, and the bank, but that they were entitled to judgment for their debts against Riggs Brothers; that the mortgages mentioned above constituted liens on the property mortgaged; that the injunction was wrongfully allowed; that the receiver was wrongfully appointed; that the parties claiming liens on the property were entitled to liens on the money in lieu of the goods according to the priorities expressed in the mortgages; that the plaintiffs, and such defendants as claim under their mortgages, were estopped by the recitals therein from proving the facts alleged in their petitions or answers concerning the illegality or fraud of the Bank of Holton, Stewart, Hamble, and Riggs.

A personal judgment was rendered for the plaintiff and each of the other defendants against Riggs Brothers. Before the trial, the claims of Lindsay and the Kendall company were adjusted, and by stipulation between them and Hamble and J. B. Riggs their claims were dismissed.

*Hopkins & Hopkins*, for plaintiffs in error Taylor Bros. & Co.

*I. T. Price*, for plaintiffs in error Chas. P. Kellogg & Co., Wingate, Stone & Wells Mercantile Company, Englehart, Winning & Davidson Mercantile Company, and for defendants in error B. F. Richardson & Co., Jansen & Freyschlag, and the Queen City Glove Company.

*Hayden & Hayden*, for defendants in error J. F. Purvis, M. C. Stewart, R. R. Chrisman, and J. B. Riggs.

*Crane & Woodburn*, for defendant in error John W. Hamble, administrator.

The opinion of the court was delivered by

MAHAN, P. J.: Objection is made to the consideration of the merits of the case for the reason that the court found the facts and conclusions of law and rendered the judgment it did render at the request of the parties. We do not so construe the record. The court made special findings at the request of both parties. The language of the recital thereof in the record is not as clearly expressed as it might be, but this is doubtless the meaning of it. Objection is also made that the record fails to set out the motions for a new trial, and does not show any ruling on any of the motions for a new trial, which purport to have been filed two days after the judgment was rendered. The jour-

Taylor v. Riggs.

nal entry recites that the motions for a new trial were filed November 29, two days before they purport to have been filed. It is apparent from the entire record that these dates are confused. The findings and judgment of the court were doubtless announced November 29. On the 1st day of December the motions were filed and overruled, and in recording the proceedings the date of the rendition of the judgment is inserted at the beginning, and the entry carried through to completion under that date, not observing that the two days had elapsed between the rendition of the judgment and the conclusion of the proceedings thereon. These objections are exceedingly technical and do not merit further notice.

There are no assignments of error in the brief of the plaintiffs Taylor Bros. & Co. From the argument, we conclude that complaint is made because the trial court held them to be estopped by the recital in their mortgage, under which they claim relief, from assailing the good faith and validity of these prior mortgages to which theirs were made expressly subject, and also because the court refused to hold that these mortgages as a whole constituted in law a general assignment for the benefit of creditors at large. In Jones on Mortgages it is said (§ 595) : '' One taking a mortgage expressly subject to a prior mortgage cannot avoid it and acquire a larger lien than contracted for, although the mortgage be invalid as against the mortgagor.'' The contract limits the security granted, and it is not within the power of one party to enlarge its scope. This view is supported by the authorities practically without division, and rests on elementary principles.

There is nothing in any of these mortgages, nor in all of them, from which can be inferred an intent to

make an assignment either in fact or in law. They are mortgages creating liens only; they are given to secure debts with preferences, subject to redemption by payment. They reserve the ultimate title and property to the mortgagors. The defendants, who likewise claim under their mortgages containing like recitals, are in the same condition, and the court rightfully held them estopped thereby from attacking the good faith of those to which theirs were made expressly subject.

The only plaintiffs in error named in the proceedings are Taylor Bros. & Co., who were plaintiffs below, Charles P. Kellogg & Co., Englehart, Winning & Davidson Mercantile Company, and the Wingate, Stone & Wells Mercantile Company. So that the only parties complaining of the judgment below, aside from the plaintiffs, Taylor Bros. & Co., are those named in the first conclusion of law, which is to the effect that they were not entitled to be heard on their answers to show that the prior mortgages of Stewart, Riggs, Hamble and the bank were void because they had no judgment on their claims. There is no doubt that the holding of the court on this proposition was in accord with the general rule under the old chancery doctrine respecting creditors' bills. Our supreme court follows and approves this rule and applies it to our code practice. ( *Tennent v. Battey*, 18 Kan. 324; *Bank v. Chatten*, 59 id. 303, 52 Pac. 893; *Harrison v. Shaffer*, 60 id. 176, 55 Pac. 884.) In such cases the course was to dismiss the bill because it did not disclose facts to give a court of equity jurisdiction. In this case the court retained jurisdiction, adjudicated the rights of the parties respecting the property, and rendered personal judgment in behalf of each of the creditors against the copartners. There are exceptions to this

rule, well recognized by courts in jurisdictions where the old chancery practice prevails, notably the supreme court of the United States and the circuit courts of appeals. It seems to us that the facts of this case bring it within one of the well-recognized exceptions.

It is not necessary for us to decide whether the cause of action on the claims of these creditors for money was improperly joined with the action in behalf of all the creditors to set aside and cancel these prior mortgages as fraudulent and to marshal the assets of this copartnership, because the question was not presented to the court below either by demurrer or answer, and was therefore, if any such misjoinder existed, waived under the provisions of the code. However, see *Harris v. Avery*, 5 Kan. 148–151, on the question of joinder. That an adequate remedy by the ordinary proceeding at law did not exist to these creditors is plain. The copartnership was, by the acts of the copartners, determined; they were insolvent; all their assets, firm and personal, were covered by these prior mortgages, were in the possession of the mortgagees, and were being disposed of by sale and scattered beyond their reach irrevocably. Their claims against the Riggs Brothers were expressly admitted, not only by the mortgages, but by the pleadings in the case. Being parties, they were concluded by the judgment and left without remedy. That they had a right to participate in the partnership assets would seem to be beyond a doubt, and if the mortgages which they sought to attack were tainted with fraud, as they allege in their answers, they gave the holders no right of priority, and in fact no rights whatever against these *bona fide* creditors. They were entitled to judgment against the copartners by the confession of all parties.

It has been held by the courts of the United States

Taylor v. Riggs.

that cases founded on these facts constitute an exception to the rule requiring a judgment at law and execution returned "no property" as a prerequisite to the creditor's right to attack fraudulent conveyances. (*Talley v. Curtain*, 8 U. S. App. 347, 54 Fed. 43; *Town et al. v. Smith et al.*, 115 Ind. 480, 16 N. E. 811; *Sage v. Memphis &c. Railroad Co.*, 125 U. S. 376, 8 Sup. Ct. 887; *Case v. Beauregard*, 101 U. S. 691; *Oelrichs v. Spain*, 15 Wall. 228; and *Albany &c. Steel Co. v. Agricultural Works*, 76 Ga. 135.)   It is true that the court adjudged that the receiver was wrongfully appointed and that the injunction was wrongfully granted, and did vacate the orders therefor and adjudge costs against the plaintiffs, except the costs and expenses of the receiver, which were adjudged to be paid from the funds in court.   Section 242 of the code (Gen. Stat. 1889, ¶ 4349, Gen. Stat. 1897, ch. 95, § 264) provides that " a receiver may be appointed in an action by a creditor to subject any property or fund to his claim, . . . on the application of the plaintiff or any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured." If the court had jurisdiction to marshal the assets of this copartnership, the averments of the answers, as well as of the petition, justified an injunction under section 248 of the code. (Gen. Stat. 1889, ¶ 4333; Gen. Stat. 1897, ch. 95, § 248.)

We are of the opinion that the facts in this case bring it clearly within the exception to the general rule above stated, and that, the court having jurisdiction of the case and of the parties, it was its duty to determine all their rights; that these creditors had a proper standing in the court to impeach the validity

Taylor v. Riggs.

of these prior mortgages, which stood in the way of their just participation in the assets of their copartnership debtors ; and the court erred in rejecting the evidence in support of the allegations of fraud and want of consideration, and erred in holding that their answers did not contain facts sufficient to constitute a cause of action against their codefendants who held these prior mortgages, which they averred were without consideration, fraudulent, and void.

We do not deem it necessary at this time to determine the question whether the facts alleged in the answer of Charles P. Kellogg & Co. would entitle them to be subrogated to the lien of these prior mortgages, as that question may not arise in a subsequent trial of the case. The judgment of the district court, so far as it affects the interest of the defendants Charles P. Kellogg & Co., Englehart, Winning & Davidson Mercantile Company, and Wingate, Stone & Wells Mercantile Company, will be reversed, and the case remanded with directions to award to the above-named plaintiffs in error a new trial on the issues made between them and other parties to the case.