KIMMERLE v. BONINE.

TRIAL — VARIANCE — PLEADING — OPENING STATEMENT — DIRECTED
VERDICT.
   Although plaintiff's counsel, in his opening statement, used
   language that was ambiguous and somewhat at variance
   with the declaration, it was erroneous for the trial court to
   direct a verdict for defendant, where part of the opening
   statement was conformable to the declaration, and there
   was testimony tending to support it.[1]

Error to Cass; Des Voignes, J. Submitted June 21,
1915. (Docket No. 77.) Decided September 28, 1915.

Assumpsit by Grover Kimmerle and another, co-
partners, doing business as Kimmerle & Sears, against
J. Gordon Bonine for goods sold and delivered. Judg-
ment for defendant upon a directed verdict. Plaintiff
brings error. Reversed.

Clyde W. Ketcham (W. J. Barnard, of counsel), for
appellants.

C. M. Lyle and M. L. Howell, for appellee.

OSTRANDER, J. Plaintiffs declared for the price and
value of a Ford touring car and a Ford roadster, the
coverings, platings, extras, and accessories, sold and
delivered to defendant. Their bill of particulars calls
for the sum of $1,202. Defendant pleaded the general
issue, with notice that he would prove that the auto-
mobiles and equipment mentioned in the bill of par-
ticulars were exchanged by plaintiffs with defendant
for two automobiles owned by defendant and by him
delivered to plaintiffs and $140, difference in value,

[1]As to right to direct verdict or enter nonsuit on opening state-
ment of counsel, see note in 29 L. R. A. (N. S.) 218.

which he duly paid to plaintiffs, $100 in cash, and a check for $40; that he also duly tendered them the sum of $40. The cause coming on to be tried by the court and a jury, plaintiff's attorney made to the jury a statement of the facts he expected to prove, and called defendant as the first witness. The witness testified, among other things, that according to the agreement of the parties he traded plaintiffs a Stanley steamer car and an old Ford runabout, and paid $140 for the property mentioned in the bill of particulars. Both of the plaintiffs and the wife of plaintiff Kimmerle were then called as witnesses, and they gave testimony tending to prove the allegations of the declaration and that defendant purchased the goods mentioned in the bill of particulars, agreed to pay for them, and did pay on account the sum of $100; that he owed the remainder of the purchase price; that there was no exchange of property, but that they (the plaintiffs) were to help defendant sell his second-hand cars. Defendant offered no testimony. The court directed a verdict for defendant, saying:

"The court bases one of the reasons for a directed verdict, which I shall call upon you to make, that this contract as it now stands is executory in its character as testified to, or as claimed, rather by the counsel in his opening statement, to wit, that is, that Grover and Mr. Sears were to take these two cars for the doctor and sell them as best they could, and apply whatever they were able to get out of them on the purchase price of the new cars, and then the doctor was to pay the balance; in other words, the status of the case was not such that suit could be predicated at this time. These two cars had not been sold. There was no way of determining; in fact, those proceedings could not be brought until there had been a sale made of these cars. Therefore the suit was prematurely brought. And for other reasons which appear here, and which the court had made a matter of record, you will return a verdict in this case of no cause of action."

Defendant's counsel moved for the peremptory instruction, saying:

"Now at this point, then, if your honor please, I now make two motions in the case, and I make the two together for convenience. The first is a renewal of the motion made a while ago to strike from the evidence the testimony of Grover Kimmerle to the effect, and all of the testimony of his to the effect, that the sale was an outright sale and different from the sale stated and described in the opening statement of his counsel. *Second,* that a verdict then be directed for the defendant on the ground that there is no evidence supporting the declaration."

Thereupon the following occurred:

"*The Court:* In other words, that you claim under the declaration that they declare upon an executed contract?

"*Mr. Howell:* Yes, your honor.

"*The Court:* And that the proof shows that it is executory?

"*Mr. Howell:* After the striking out of the other testimony, then, that is what remains, and nothing else, and that is the testimony, from the testimony of Mr. Sears and the testimony of Dr. Bonine.

"*The Court:* Now, gentlemen, I have listened to you patiently on some of these questions, before the noon recess and since, and as is well known to you gentlemen, an opening statement is the basis upon which the action must be predicated; and if during the course of the trial a different claim is made and a different theory produced upon the trial, and that occurs, the seat of the action must necessarily fail. That is elementary; we know that. Now, the question for our discussion is this: What was that statement, and is there a variance in that respect? Counsel for the plaintiffs in his opening statement, after making a page or two of comments in relation to them as to what they claim, said:

" 'Finally, gentlemen, this arrangement was made, in effect, in substance: That Grover and Mr. Sears were to take these two cars for the doctor and sell them as best they could, and apply whatever they were able to get out of them on the purchase price of the new cars, and then the doctor was to pay the balance.'

"Now, gentlemen, that, of course, in substance, must have been the claim and the theory upon which the plaintiffs would seek to recover in this case. True, there were other things said by counsel, but they were explanatory. Why? Explanatory of this very proposition which he said was, in effect, the agreement which I have just read. Now, when the motion was made before to direct a verdict, it seemed to me that the court should not entertain the motion at the time, but listen and see what, if anything, was offered on the part of the plaintiffs further on in relation to this case. Now, the partner of Mr. Kimmerle, Mr. Sears, takes the witness stand, and this is his testimony:

" 'Isn't it a fact that Grover had told you substantially what Mr. Ketcham said in his opening statement?

" '*A.* Well, I don't recollect of what Mr. Ketcham said.

" '*Q.* Why, that the cars, the old cars, were to be sold, and the amount credited on the purchase price of the new one?

" '*A.* Grover didn't tell me that at this time.

" '*Q.* When did he tell you that?

" '*A.* After the cars had been nickeled and the seat covers had been put on.'

"Now, gentlemen, there is no difference between that statement of Mr. Sears as to what Grover told him finally, as to what the arrangement was, than what was stated by the counsel in the opening statement. I am satisfied, gentlemen, that from the testimony of the plaintiff while upon the witness stand that no recovery can be had in this case in any court, especially under the pleadings in this case."

Plaintiffs were offered, but declined, the right to submit to a nonsuit. The ruling and direction of the court is assigned as error.

We were impressed at the hearing, and examination of the record and briefs has only deepened the impression, that there had been a mistrial. Why counsel for plaintiffs, in his opening, traveled as far as he did, we are not now concerned about. It is true that in the course of the opening the attorney for plaintiffs, in stating the bargain he expected to prove, used language referred to by the court—a somewhat ambiguous

statement, especially when read with the entire opening. Counsel for plaintiffs also said:

"Gentlemen of the jury, it will appear, I think, to your entire satisfaction, so that you will be moved by the force of the evidence to render a verdict for the plaintiff for the full amount which is asked, that the contract which is claimed by Dr. Bonine was never made. Not only will that appear to you, gentlemen of the jury, from the oral testimony which the plaintiff will introduce, but from the sheer weight of all human probability that it never was consummated, that the doctor had agreed, as we claim, to purchase two cars for a certain price and pay for them in money, that Mr. Kimmerle was only acting as the agent for Dr. Bonine, for his accommodation, and to make a satisfied and a happy customer for his garage, as an accommodation to the doctor, seeking to sell these cars and get out of them what he could to apply it upon the purchase price, and that this other claim of the doctor is a wicked claim, unfounded in fact and untrue, and, gentlemen of the jury, when we are through, we shall ask for a verdict for the plaintiff."

In view of the testimony the court might have as well accepted this portion of the opening as the portion made the basis of the refusal to try the issue made by the pleadings and the testimony.

But beyond this there is fundamental error in the theory relied upon to support the ruling complained about. No objection was made after the opening statement was concluded that counsel had failed to state a case within the pleadings. Such an objection might have resulted in making certain what, at the most, can be only called uncertain. The verdict was not directed upon the ground that counsel in opening had not stated a case. While there is some ambiguity in the language used by the court, it would seem that the verdict was directed upon the ground stated by counsel for defendant in his motion, namely, that such testimony as was not conformable to the opening of counsel

for plaintiffs should be stricken out, and that what was left made no case within the pleadings.

When the motion to direct a verdict was made, the question for the court to consider was whether there was any testimony which tended to support the allegations of the declaration. That there was such testimony is clear. It is quite probable that a precisely similar case has not before arisen, a case in which an alleged erroneous opening and some testimony tending to support it was contrasted with testimony supporting the declaration, and it was held, as a matter of law, that the opening and a part of the testimony required the rejection of the remainder and a nonsuit or a verdict for defendant. In *Meade* v. *Bowles*, 123 Mich. 696 (82 N. W. 658), the opening statement of counsel was that the agreement was to pay a reasonable fee for legal services. The testimony tended to prove an agreement to pay $10 a day. It was held that the proof was within the declaration and admissible.

We, of course, express no opinion concerning the merits.

The judgment is reversed, with costs to appellants, and a new trial granted, costs of the trial to abide the result.

BROOKE, C. J., and KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.