No. 20,400.

JOHN MOFFATT, *Appellant*, v. F. P. FOUTS et al., *Appellees.*

SYLLABUS BY THE COURT.

1. JUNIOR MORTGAGE — *Taken Subject to Prior Mortgage — Estoppel.* Ordinarily a mortgagee may assert the invalidity of a prior mortgage, but he is estopped to do so where his mortgage contains an express recital that it was taken subject to the prior mortgage.

2. REPLEVIN—*Stock of Merchandise—Junior Mortgagee—Fraud Claimed —Issues Triable.* In an action of replevin for the possession of a stock of mortgaged merchandise, brought by a junior mortgagee against those claiming a prior lien, questions affecting and incident to the question of the right of ownership of the property, including the claim that the defendants were fraudulently endeavoring to absorb more property than was necessary to the payment of the prior lien, may be determined.

3. MOTION FOR JUDGMENT—*Pleadings and Opening Statement of Counsel.* Upon a motion for judgment on the averments in the petition and the opening statement of counsel such averments and statements should be liberally interpreted and it is held herein that the averments of plaintiff's petition and the opening statement of his counsel did not warrant the court in sustaining defendant's motion for judgment.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed November 11, 1916. Reversed.

*John Madden,* and *C. E. Cooper,* both of Parsons, for the appellant.

*H. A. Russell,* of Scott City, *Paul H. Kimball,* and *Webster W. Kimball,* both of Parsons, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Action of replevin to recover possession of a stock of merchandise in a furniture store together with books of account and contracts.

It seems that the plaintiff, John Moffatt, who owned a furniture store in the city of Parsons, traded it to defendant Fouts for 160 acres of land in Scott county. After the exchange the plaintiff discovered that there was a mortgage for $625 on the land in process of foreclosure which he found it necessary to discharge. Fouts then gave to plaintiff a chattel

mortgage on the furniture stock to secure the latter for the $625 paid on the mortgage, and also for any additional expenses that might be incurred.

For some time prior to the exchange mentioned Fouts had been indebted to the First National Bank of Scott City, one of the defendants, and as security for the payment of the debt had executed a deed to his land which was not recorded, and after Fouts exchanged the land for the furniture store he delivered to A. B. Daugherty, a director of the bank and one of the defendants, a bill of sale of the furniture stock with the understanding that it was to stand as security for Fouts' indebtedness to the bank, and thereafter Daugherty for the bank took possession of the goods and Fouts continued in the management of the store and assisted in selling goods. The mortgage given by Fouts to the plaintiff recognized the existence of the bill of sale, reciting that it was "subject, however, to Bill of Sale to A. B. Daugherty and amount due First National Bank of Scott City, Ks., and accounts covering same," and when plaintiff accepted the mortgage he was informed by Fouts that Daugherty had an interest in the goods. About two months after the exchange, and in a few days after the mortgage to the plaintiff was executed, he brought this action to recover possession of the mortgaged property.

It was alleged that Fouts had failed to pay the amount due under the mortgage, and further that the bill of sale to Daugherty was a mere pretense, that the latter had no interest in the property and that he and Fouts, through a secret arrangement, were absorbing the property, and thereby attempting to defraud the plaintiff out of the property to the possession of which he was entitled under his mortgage. At the trial the court on the motion of the plaintiff had those portions of the answers of the defendants following the general denials stricken out as being irrelevant and redundant matter. In the opening statement counsel for plaintiff recited the facts given, and also stated that the defendants continued to conduct the store without accounting to any one for Fouts' debt to the bank, selling off the goods from day to day which had originally invoiced $4000 until at the time of the beginning of this suit the stock only invoiced $700, and were fraudulently trying to absorb property which should be ap-

plied on the plaintiff's lien. The defendants then moved for judgment upon the opening statement of counsel and on the pleadings, upon the ground that they did not set forth facts sufficient to constitute a cause of action in favor of the plaintiff against the defendants; and the court sustained the motion.

The ruling appears to have been based on the ground that the plaintiff in taking his mortgage subject to the bill of sale and lien of the bank, for which Daugherty was acting, is estopped to question the validity of the bank's claim and lien, although they might have been previously open to attack. The summary action, however, in taking the case from the jury and rendering judgment for the defendant upon the pleadings and opening statement of plaintiff, can not be sustained.

The bill of sale to the bank is in effect a mortgage, and when the plaintiff took his mortgage expressly subject to the lien of the bank, he estopped himself to deny the validity of the lien. A mortgagee may assert the invalidity of a prior mortgage in order to subject the mortgaged property to a payment of his claim if he has done nothing which operates as an estoppel against him, but if the mortgage which he takes expressly recites that it is accepted subject to a prior mortgage, he can not thereafter attack the validity of the prior mortgage, although it may have been open to attack by the mortgagor. (*Burnham v. Citizens Bank,* 55 Kan. 545, 40 Pac. 912; *Taylor v. Riggs,* 8 Kan. App. 323, 57 Pac. 44. See, also, *Simpson v. Greeley,* 8 Kan. 586; *Green v. Houston,* 22 Kan. 35; *Haxtun v. Sizer,* 23 Kan. 310; *Case, Bishop & Co., v. D. M. Steele & Co.,* 34 Kan. 90, 8 Pac. 242; 27 Cyc. 1226.)

While this rule eliminates from the case the averments and statements as to the fraud in the transaction leading up to the execution of the bank's bill of sale and the possession taken under it, plaintiff is still entitled to insist that good faith shall be exercised in the handling and sale of the goods, and that after the bank's debt has been satisfied and the necessary expenses of the sale, the balance shall be applied on the plaintiff's mortgage. An allegation in the petition and the statement made by counsel in opening the case are to the effect that Daugherty, who was in possession of the stock for the bank, and Fouts were conducting the business in such a way as to appropriate the entire stock of goods; that the goods

Moffatt v. Fouts.

taken possession of by the parties amounted in value to $4000, and that the sale had been made until only $700 in value remained; and still no credits had been given on the bank's claim and no account of the business had been kept. Upon a motion for judgment on averments in the petition and opening statements of counsel, the averments and statements should be liberally interpreted. (*Weber v. A. T. & S. F. Rld. Co.*, 54 Kan. 389, 38 Pac. 569; *Rezac v. Zima*, 96 Kan. 752, 153 Pac. 500.) Upon those made herein the plaintiff, if he can procure the evidence, is entitled to show that the proceeds of the sale already received by the bank are sufficient to discharge the amount of the bank's claim against Fouts, that the remaining property is subject to the junior mortgage of plaintiff, but that it is being misappropriated and converted by the defendants and, therefore, the plaintiff is entitled to its possession. Many questions affecting and incident to ownership and the right of possession of property may be considered and decided in actions of replevin. The rights of mortgagees and other claimants in personal property may be determined in replevin and especially where, as here, it is alleged that the prior mortgagees who have gained possession of the property are fraudulently endeavoring to absorb property which should be applied upon the second mortgage. (*McDonald v. Swisher*, 57 Kan. 205, 45 Pac. 593.)

(See, also, *Gardner v. Risher*, 35 Kan. 93, 10 Pac. 584; *Deford v. Hutchison*, 45 Kan. 318, 25 Pac. 641; *Grain Co. v. Harbour*, 89 Kan. 824, 133 Pac. 565; *Ely v. Holloway*, 95 Kan. 8, 147 Pac. 1128; *Miller v. Thayer*, 96 Kan. 278, 150 Pac. 537.)

The averments and statements are not as full and clear as they might have been made, but they are deemed to be sufficient as against the motion upon which the judgment was given.

The judgment will be reversed and the cause remanded for a new trial.