ENERGY ELECTRIC COMPANY, petitioner.

ENERGY ELECTRIC COMPANY *vs.* GENERAL ELECTRIC
COMPANY & others.

Essex.    January 23, 1928.— March 1, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, & SANDERSON, JJ.

*Practice, Civil,* Exceptions: petition to establish; New trial; Opening state-
ment of counsel, Ordering verdict.

A petition for the establishment of a bill of exceptions, which had been
referred to a commissioner, was dismissed when facts found by the
commissioner showed that the bill as filed contained material state-
ments which did not conform to the truth, and which were not slight,
unintentional errors.

Questions of law that were raised, and that might have been raised, at a
trial of an action cannot be presented as of right by a motion for a new
trial, and rulings thereon give no right to an exception.

Counsel for a plaintiff, at the request of a trial judge, made an opening
statement to the jury which was taken stenographically, the judge
stating that he might rule on the statement whether it showed a case
which entitled the plaintiff to go to the jury. The plaintiff's counsel
did not object to this procedure and was given full opportunity to
amend his statement before the judge ruled. On the statement as
amended, the judge ordered a verdict for the defendant. The plaintiff
filed a motion for a new trial, raising by requests for rulings questions
as to the propriety of the procedure which he might have raised at the
trial. The motion was denied, and the plaintiff alleged exceptions.
*Held,* that the denial of the requests for rulings in the circumstances
presented no question of law to this court.

PETITION, filed in the Supreme Judicial Court on November
19, 1927, to establish exceptions, alleged to have been saved
by the plaintiff at the trial before *Gray,* J., of an action of

TORT.    Writ dated October 26, 1925.

Material proceedings in the Superior Court and findings
by the commissioner to whom the petition to establish ex-
ceptions was referred, are stated in the opinion.

*W. F. Barrett,* for the petitioner and plaintiff.

*R. G. Dodge, (L. Curtis, 2d,* with him,) for the respondents
and defendants.

RUGG, C.J.    This case comes before us on a petition to
establish exceptions disallowed by the trial judge as "being

not conformable to the truth." It has been referred to a commissioner, whose report contains findings of all material facts. From this report it appears that when the case came on to be tried the judge stated that he would have the opening of counsel for the plaintiff taken by the stenographer, and, if the case was then sufficiently developed to enable him to rule upon the governing principles of law thus presented, he might make a ruling. The judge also stated that if, after opening was made, it was not satisfactory to counsel for the plaintiff, amendments might be made. There was no objection to this procedure. The opening was made under those conditions. Motion for directed verdict in favor of the defendant was prepared and verdict directed accordingly. While the discussion of the legal principles involved was in progress between court and counsel, the opening was transcribed by the stenographer under direction of the court and two copies distributed to counsel. This transcript was read and studied by court and counsel. Counsel for the plaintiff suggested some changes in dates as stated in the opening, but these were not insisted upon. Counsel for the plaintiff was permitted to make certain corrections in the opening by having pronouns changed and by adding two concluding sentences.

The bill of exceptions as filed contained not only the opening thus amended and corrected but a statement that the opening "briefly sketched a part of the plaintiff's case, stating some of the facts as they would appear in evidence and part of the issues involved." As to this statement the commissioner was unable to find that any part of the plaintiff's case was not outlined in the opening, or that any of the issues involved in the trial were not mentioned, but found that the opening did not "briefly sketch only a part of the plaintiff's case, or only a part of the issues involved in the trial." The exceptions as filed further purported to recite occurrences between the trial judge and counsel for plaintiff in the attempt of the latter to amplify the opening in substance as follows, to the effect that one of the counsel for the plaintiff began to read other statements into the opening, sketching other issues raised by the pleadings and omitted

by the counsel making the opening, who was not familiar with details and had not covered all the issues. "The court then stopped the plaintiff's counsel," saying that the statements he was attempting to put into the opening were immaterial. "Plaintiff's counsel informed the court that he considered these additional statements necessary in order to properly sketch the plaintiff's case but, the court ruled otherwise and, if the plaintiff's counsel had been allowed by the court to have continued he would have stated in substance the following." Then follow nearly two printed pages in the record of additional statements, which would have been made a part of the opening if permitted by the judge, but which were forbidden by him. As to this recital the commissioner does "not find that counsel for the petitioner began to read from any paper any additional statements that he desired to have incorporated in the opening as alleged." He does not find that the counsel who made the opening "was not familiar with all the details of the case, or that he did not touch upon all of the issues . . . . The court did not at any time stop the plaintiff's counsel from stating what amendments, if any, he desired to have made to the opening. There was no evidence warranting me in finding that the plaintiff's counsel informed the court that he considered certain additional statements necessary in order to properly outline his case." He further finds that the recitals in this alleged written statement "were never mentioned to the presiding judge, either verbatim or in substance, and counsel for the petitioner admitted that they were first written out after the direction of the verdict." His conclusion on this point is in these words: "Upon the testimony I find that every suggestion that the plaintiff's counsel made to the presiding justice in reference to making changes in or amendments to the opening, was carefully considered by the court, and as far as the testimony goes warrants me in finding that in every case they were adopted. I find that the court wanted the opening to be full, fair and complete. Counsel was not prevented in any way by the court from making any suggestions which he cared to offer. I, therefore, find that that portion of the bill of exceptions now in

question is not conformable to the truth and that the entire portion has no foundation in fact."

It thus is manifest that there was one single comprehensive exception saved at the trial, namely, to the direction of the verdict in favor of the defendant on the case made out by the opening as amended.   Since that opening was taken stenographically, immediately transcribed and studied by court and counsel, it is plain that that single exception could have been embodied in a bill of exceptions without difficulty and without the possibility of dispute or misunderstanding. The facts concerning the bill of exceptions sought to be proved show that that course was not followed.   The words of the court speaking through Knowlton, C.J., in *Horan, petitioner*, 207 Mass. 256, at page 258, are pertinent and controlling:   "Proof of a bill of exceptions before this court through the appointment of a commissioner is a remedy that sometimes may be necessary; but it is intended only for cases in which the excepting party has attempted, intelligently and in good faith, but unsuccessfully, to obtain the allowance of a bill of exceptions which, in general, is a correct statement of the material questions, made with due regard to the rights of the opposing party.   While this court has sometimes dealt liberally with parties who have made slight unintentional errors, when afterwards they have asked to prove a bill of exceptions, it is important that the rights of parties having a verdict or finding in their favor should be protected, so that they may be saved unnecessary litigation and expense." *Ferguson* v. *Dean*, 132 Mass. 183.   *Smith, petitioner*, 260 Mass. 297, where many cases are collected.

We are of opinion that the bill of exceptions presented to the judge was not conformable to the truth within the meaning of G. L. c. 231, § 117.

The case also comes before us on exceptions saved at the hearing upon a motion for a new trial.   One of the causes alleged in this motion related to the direction of a verdict for the defendants on the opening of counsel for the plaintiff.

The denial of the motion for a new trial requires no lengthy discussion.   Questions of law that were raised, or that might have been raised, at the trial cannot as of right be presented

on this motion. The disposition of such motion commonly rests in sound judicial discretion. The statement of facts made by the judge in denying the motion for a new trial must be accepted as true because no evidence is reported. That statement demonstrates that all questions of law sought to be raised by requests for rulings on the motion for a new trial might have been made the subject of exceptions at the trial, but were not. The case at bar presents no unusual situation and comes within the authority of numerous decisions to the effect that no error of law was committed with respect to the denial of the motion. *Loveland* v. *Rand,* 200 Mass. 142, 144. *Matter of Carver,* 224 Mass. 169, 171. *Boyd* v. *Boston Elevated Railway,* 224 Mass. 199, 202. *Crowdis* v. *Hayward,* 233 Mass. 377, 381. *Ryan* v. *Hickey,* 240 Mass. 46. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 24, 32, 33. *Commonwealth* v. *Clifford,* 254 Mass. 390, 393. *Commonwealth* v. *Barney,* 258 Mass. 609.

The plaintiff has argued the requests for instructions made on the motion for a new trial touching the regularity of ruling in favor of the defendants on the opening of counsel for the plaintiff. That was a subject concerning which exception could have been taken at the trial. It is not open on a motion for a new trial. The narration of the facts as to the opening by the plaintiff's counsel and the direction of a verdict filed by the judge in overruling the motion for a new trial show that "no question was raised as to the power of the court to act in" that manner, and that in substance the procedure was assented to. His denial of the requests for rulings in connection with those facts presents no question of law. As matter of practice the course followed by the trial judge was proper under many of our decisions. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 482, and cases there collected. *Howe* v. *Dickinson,* 154 Mass. 494. *Wilson* v. *Head,* 184 Mass. 515. *Berry* v. *Newton & Boston Street Railway,* 209 Mass. 100. *Ward* v. *Blouin,* 210 Mass. 140. *Murphy* v. *Boston & Maine Railroad,* 216 Mass. 178. *Donovan* v. *Walsh,* 238 Mass. 356, 359.

*Petition to establish exceptions dismissed.*
*Exceptions on motion for new trial overruled.*