[Civ. No. 7279. Second Appellate District, Division Two.—September 29, 1931.]

ALICE D. MOFFITT, Respondent, v. FORD MOTOR COMPANY (a Corporation) et al., Appellants.

George H. Moore, Gerald O'C. Eagan, Chase, Barnes & Chase, Lucius K. Chase, Hardy, Elliott & Aberle and Joe Crider, Jr., for Appellants.

Benjamin M. Stansbury and Mott, Vallee & Grant for Respondent.

ARCHBALD, J., *pro tem.*—This is an appeal by all defendants from an order granting a motion for new trial.

The case was set for trial before a jury. After the jury had been impaneled and sworn counsel for plaintiff made an opening statement, at the conclusion of which defendants, through their respective attorneys, moved for nonsuit upon the ground that the statement made did not show any negligence on the part of defendants. The motion was argued to some extent and counsel for plaintiff given permission to add to the original statement, after which the

motion was renewed and finally granted. Motion for new trial was then made by plaintiff and granted upon the grounds (1) that the decision theretofore made was against law and (2) errors in law at the trial, excepted to by plaintiff. From this order the appeal before us was taken.

It appears that plaintiff fell and was injured while leaving an exhibit of the new Ford automobile, alleged to have been put on by defendants. We quote from the opening statement: ''We expect that the evidence will show that all the Ford dealers in Los Angeles County joined together with the Ford Motor Company for the purpose of holding this Ford show and exhibiting the new Ford and Ford accessories and Ford parts to the public at the Ambassador Auditorium; . . . that they by advertisements in the various newspapers in this city invited the public to attend this exhibition . . . Mrs. Moffitt, the plaintiff in this case, went to the Ambassador Auditorium in the afternoon of December 2, 1927, for the purpose of visiting this show and seeing the new Ford . . . When she got ready to leave she went to the door . . . where she had entered . . . As she approached the place one of the attendants there told her that she could not leave by that door, but that she would have to leave by another door, pointing to a large door at the south of the auditorium. There were a large number of people leaving the auditorium at this time . . . and as she went out the door she either tripped or stumbled or fell in some way. We expect the evidence to show that the reason that she fell was that the surface of the floor just inside this door was very uneven, some of the boards projecting as much as a quarter or three-eighths of an inch above the other flooring, and that the step-down at this place was about fourteen inches, and that the ground outside the step was covered with debris, rocks, very uneven, soft, and that there were two or three loose boards placed just outside the door as she stepped down; and that in stepping down she either tripped on one of the boards inside that was raised above the others or that the step was so high that she fell''— the injuries complained of resulting therefrom. Adjournment was had until the next morning, when attorneys for plaintiff were given permission to amplify the statement made. At that time counsel, among other things, said: ''The evidence, we believe, will show that Mrs. Moffitt visited the

hotel grounds that day and the shops in the hotel in addition to visiting the auditorium where the Ford show was held, and that she did that at the invitation of the defendants in this case. The evidence, I believe, will show that the attendant who directed Mrs. Moffitt to use the exit from the building that she did use was an employee or agent of the defendants in the case. . . . I believe the evidence will show that this exit was in an unsafe and dangerous condition, which was known to the defendants, or should have been known to them, by reason of the fact that the step was about fourteen inches from the surface of the floor in the auditorium to the ground outside . . . ; also that the ground outside where she was caused to step down this fourteen-inch step was constituted of debris, clods and rocks and loose dirt . . . I believe the evidence will show that it was because of this unsafe and dangerous condition at the exit that Mrs. Moffitt was caused to fall . . . and that her injuries were caused by the negligence of these defendants and without any negligence whatever on her part.''

The jury was excused while the motion for nonsuit was argued, and during the argument counsel for plaintiff asked permission to state more definitely to the jury the way in which they expected the evidence to show how the accident happened, viz.: ''that the plaintiff in passing out at this exit which was fourteen inches high and stepping down, that—coming out with a crowd of people—in a crowd of people, and stepping down onto this rough, uneven, dangerous surface, by reason of the height of the step and of the rough, uneven and dangerous landing place where she stepped down, that she was caused to fall and did fall heavily to the ground and suffered injuries by reason of those elements . . . That she looked where she was going; that she went out with a big crowd of people, who were passing out of this door, and didn't have the opportunity that she would otherwise have had.'' The court apparently did not think that such statement would add anything to what had already been said, and granted the motion for nonsuit. Counsel for plaintiff caused an exception to be noted to all the rulings of the court.

■ Appellants urge that the opening statement leaves the cause of the injuries open to conjecture and speculation. With this we cannot agree. It does not say that plaintiff

tripped on the uneven boards at the top of the step or those on the ground, but that by reason of the unusually high step and the precarious footing plaintiff was caused to fall; and we cannot say as a matter of law that the condition of the step and footing as shown by the statement might not constitute negligence on the part of anyone who permitted the public to use them. The statement also shows that plaintiff expected the evidence to show that by the use of such step and footing she was injured, and that the agent or employee of defendants, including the Ford Motor Company, compelled her to use this particular exit in leaving the exhibit which they were jointly engaged in carrying on.

In granting a nonsuit after the opening statement and before evidence has been introduced the same rules would seem to apply as govern the granting of such a motion after the introduction of evidence. "Every fact which counsel has stated as among the matters to be proved, together with all favorable inferences reasonably to be drawn therefrom, must be accepted by the court as facts which would have been proved if the case had been allowed to be tried." (*Bias* v. *Reed,* 169 Cal. 33, 38 [145 Pac. 516].)

Applying such rule to the statement made and the amplification thereof requested to be made in the instant case, we are of the opinion that it was sufficient both as to the negligence and resulting injuries alleged in the complaint and the connection of the defendant Ford Motor Company therewith, and that the trial court erred in granting the motion for nonsuit, but corrected the error by granting the motion for new trial appealed from.

The opening brief herein was not filed by the Ford Motor Company, but by counsel for other defendants, and it urges that the complaint is insufficient as a matter of law in that it does not show any causal connection between the negligence pleaded and the injuries sustained. Such a defect cannot be considered on an appeal from an order granting or denying a motion for new trial where it was not a ground upon which the lower court acted in granting or denying such motion (*Green* v. *Duvergey,* 146 Cal. 379, 384 [80 Pac. 234]), and particularly where the alleged defect in the complaint would seem to be merely technical and probably easily remedied by an amendment if necessary (*County Bank* v. *Jack,* 148 Cal. 437 [113 Am. St. Rep. 285,

83 Pac. 705]. See, also, *Frey* v. *Vignier,* 145 Cal. 251, 253 [78 Pac. 733].)

The conclusion reached makes it unnecessary to determine whether all the defendants or the Ford Motor Company alone are before us now.

Order affirmed.

Works, P. J., and Craig, J., concurred.