JOHN F. GRAY *vs.* CITY OF BOSTON.

Suffolk.    November 6, 1931. — November 12, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Municipal Corporations,* Liability in tort.    *Actionable Tort.    Practice, Civil,* Ordering verdict.

At the trial of an action of tort against a city for damages alleged to have resulted to the plaintiff from negligence of the servants and agents of the defendant in interfering with the business of the plaintiff by placing materials and tools upon his land and injuring his property, the plaintiff's counsel in his opening stated to the jury in unequivocal terms the contention that the taking under which the work was purported to be done by the city was illegal, not in conformity to statute, and conferred no rights under eminent domain, and described numerous acts of negligence and of trespass and of interference with the plaintiff's business in the performance of that work. No reference was made to a vote of the city council or of any other board of the defendant. At the close of the opening statement, the defendant moved that a verdict be ordered in its favor. The motion was allowed and the plaintiff alleged an exception. *Held,* that

(1) The procedure was proper;

(2) Upon the record, all statements of fact in the opening must be taken by this court to be true;

(3) The facts stated in the opening did not establish liability on the defendant.

TORT.    Writ dated July 31, 1925.

The declaration and proceedings at the opening of the trial in the Superior Court before *Donnelly,* J., when, after an opening statement by the plaintiff's counsel, a verdict was ordered for the defendant, are described in the opinion. The plaintiff alleged exceptions.

*J. L. Sheehan,* for the plaintiff.

*J. P. Lyons,* Assistant Corporation Counsel, for the defendant submitted a brief.

RUGG, C.J.    It is recited in the exceptions that this is an action of tort to recover compensation for damages growing out of an alleged taking of land by the defendant for a station on the East Boston tunnel, and that such

damages arose from the careless way in which the defend-
ant carried on the work of constructing the station and
from the negligence of the servants and agents of the
defendant in occupying and using premises of the plain-
tiff and in moving and handling his property, whereby
injury resulted to personal property and the business of
the plaintiff.    The declaration alleged negligence of the
servants and agents of the defendant by interfering with
the business of the plaintiff, by placing materials and tools
upon his land and by injuring his property.    The case came
on for trial by jury.    The plaintiff's counsel made an open-
ing.    The defendant's motion, that on that opening a ver-
dict be directed in its favor, was granted.    The excep-
tions of the plaintiff to the granting of that motion bring
the case here.

The procedure thus adopted is recognized and permis-
sible.    Under it all statements of fact in such opening must
be taken to be true.    *Murphy* v. *Boston & Maine Railroad*,
216 Mass. 178.    *Energy Electric Co., petitioner*, 262 Mass.
534, 538, and cases cited.

The opening set forth in unequivocal terms the conten-
tion that the taking under which the work was purported
to be done by the city was illegal, not in conformity to
statute, and conferred no rights under eminent domain.
It further set forth numerous acts of negligence and of
trespass and of interference with his business in the per-
formance of that work, all to the injury of the plaintiff.
No reference was made to a vote of the city council or of
any other board of the defendant.    If the enterprise which
caused injury to the plaintiff was undertaken and executed
without compliance with enabling statutory authority,
the defendant was not liable.    *Cavanagh* v. *Boston*, 139
Mass. 426, 435.    *Wojnar* v. *County of Worcester*, 261 Mass.
99, and cases cited.    The facts stated in the opening did
not establish liability on the defendant.    *Mahoney* v.
*Boston*, 171 Mass. 427.    *Moynihan* v. *Todd*, 188 Mass.
301.    *Donohue* v. *Newburyport*, 211 Mass. 561.    *Bartol* v.
*Boston*, 259 Mass. 323, 325, 326.    The cases upon which
the plaintiff relies, *Peabody* v. *Boston & Providence Rail-*

*road*, 181 Mass. 76, and *McKeon* v. *New England Railroad*, 199 Mass. 292, 295, do not support his contention that the defendant can be held liable in an action of tort on the facts outlined in his opening. It is not necessary to inquire what other rights, if any, the plaintiff may have had. Compare *Oelschleger* v. *Boston*, 200 Mass. 425, *Radway* v. *Selectmen of Dennis*, 266 Mass. 329.

*Exceptions overruled.*