## Leazer Taylor *v.* Dean P. Blake.

February Term, 1937.

Present:   Powers, C. J., Slack, Moulton, Sherburne and Buttles, JJ.

Opinion filed May 4, 1937.

*Wm. R. McFeeters* for the defendant.

*M. H. Alexander* for the plaintiff.

BUTTLES, J.   This is an action in trespass in which the plaintiff charges that the defendant broke and entered the close of the plaintiff in the town of Fletcher and there cut down, removed and wholly destroyed a large number of trees kept by the plaintiff for wood and lumber.   Treble damages are claimed under P. L. 8540.   The plaintiff describes his close as lot number 18, third division of lots in the town of Fletcher, containing 100 acres more or less, and bounds the lot by naming the abutting owners.   The jury by special verdict found that the defendant acted through mistake, or had good reason to believe that the trees, timber or underwood were on his land, thereby restricting the plaintiff to the recovery of single damages only, for which verdict was rendered.

The case comes to this Court on defendant's exceptions to the admission of plaintiff's exhibits No. 3 to No. 8 inclusive, on his exceptions to the admission of certain oral testimony, and on exceptions to the overruling of his motion for a directed verdict, which was made at the close of the plaintiff's case and renewed at the close of all the evidence.

Plaintiff's exhibit 3, purporting to be a plan of the town of Fletcher, Vt., plaintiff's exhibits 4 to 8 inclusive which are certified copies of deeds and transfers in plaintiff's chain of title in which land claimed by the plaintiff was described either by lot number alone or by lot number in connection with other description, and certain oral testimony in which land of the plaintiff and of other owners was described by lot numbers were all received subject to defendant's exception on the ground that the plan had not been properly proved as being what it purported to be so as to make it competent as independent evidence and to support the various references in the other evidence to the plaintiff's holding as lot number 18, and to other parcels of land by lot number.   All of this evidence was received conditionally upon plaintiff's assurance that he would later connect

up the offered evidence with proof of ''where this survey started, or the lot in question here connects up with lot 18 according to the plan of the town lots in Fletcher.''

■ Defendant contends that the promised connection was never made. However that may be, the defendant's exceptions to this line of evidence cannot avail him, because he waived such exceptions by failing to move that the evidence received conditonally be stricken out. In the recent case of *Scott, Admr.* v. *Bradford National Bank,* 107 Vt. 226, 231, 179 Atl. 149, this Court stated the necessity for such motion by the objecting party and explained fully the reason for the rule.

The same question is attempted to be saved by exceptions in various forms to the overruling of defendant's motions for a directed verdict. These exceptions are also unavailing for the reason already stated.

■ The defendant in his brief quotes a portion of the opening statement of plaintiff's counsel at the trial and then says: ''The plaintiff set his stake there in the opening statement and it became necessary for him to prove two things: (1) That there was a lot 18 third division—regularly set off and allotted, of which the plaintiff now had possession or right of possession; (2) that the defendant trespassed thereon in the manner alleged. The plaintiff might have chosen another course of action but having elected this one is bound thereby.'' It has been held that on a motion for a directed verdict on the opening statement ''the statement must be construed liberally and favorably in behalf of the party making it.'' 64 C. J. 241; *Moffitt* v. *Ford Motor Co.,* 117 Cal. App. 247, 3 Pac. (2d) 605; *Moffatt* v. *Fouts,* 99 Kan. 118, 160 Pac. 1137; *Gray* v. *City of Boston,* 277 Mass. 166, 178 N. E. 286; *Kimmerle* v. *Bonine,* 188 Mich. 148, 154 N. W. 2; *Carr* v. *D. L. & W. R. R. Co.,* 78 N. J. Law, 692, 75 Atl. 928. The same rule of construction should be applied here, and we cannot say that plaintiff bound himself by the opening statement of counsel to prove that ''there was a lot No. 18 third division *regularly set off and allotted,* of which the plaintiff now had possession or right of possession.'' The statement, with equal consistency, may be construed to mean merely that the lot of which the plaintiff had possession or the right of possession *was known as* lot No. 18 of the third division and that the other lots therein referred to were known by the numbers by which they

are respectively designated. It appears from the evidence that these various lots were known by these respective numbers. Furthermore, this claim was not made one of the grounds upon which defendant's motion for a directed verdict was based; no exception was saved throughout the trial on that ground, and at no time was the attention of the trial court directed to the claim that the defendant now makes, either by motion to strike or otherwise.

█ The defendant in his brief recites as one of the grounds of his motion for a directed verdict "that the plaintiff, if he proves his succession as above, could not recover because the selectmen lease under P. L. 3538 created only a leasehold right." This would seem to be a rather liberal paraphrase of any ground set up in the motion itself. But assuming that it is a correct statement of a question intended to be saved by the motion, we cannot agree with defendant's contention as to the law. The case of *Guild et al.* v. *Prentiss et al.*, 83 Vt. 212, 74 Atl. 1115, Ann. Cas. 1912A, 313, was an action of trespass for treble damages brought under P. S. 5842 (now P. L. 8540) by a tenant for years against one who had held the reversion and had disposed of it, reserving the timber rights. This court held that the plaintiff could maintain the action. Even more would the same reasoning apply in the instant case where the plaintiff's evidence tends to show that he holds under a so-called "durable lease" and the defendant is a stranger to plaintiff's title.

The exact location of the boundary line between lands held by this plaintiff and his predecessors for many years under such durable lease and lands of the defendant lying southerly thereof was one of the main issues in the case, and there was competent evidence warranting and requiring the submission of this issue to the jury. The defendant makes no contention that the rule under which damages were assessed was not applicable to the case made by the plaintiff.

*Judgment affirmed.*