Ely v. Holloway.

No. 19,178.

JAMES E. ELY, *Appellant,* v. T. S. HOLLOWAY and J. M.
MILLER, Intervenor, *Appellees.*

SYLLABUS BY THE COURT.

1. REPLEVIN—*Third Party Claiming Property Involved—Prop-
erly Made Party to Action.* One having an interest in prop-
erty the possession of which is the subject of an action in
replevin between other persons may be made a party to the
action and take appropriate steps for the protection of his
interest in the subject matter of the litigation.

2. REPLEVIN—*Defenses under General Denial.* One who claims
a lien on a vehicle because of repairs made and care bestowed
upon it may under his general denial show that the plaintiff
had parted with the ownership and right of possession of the
vehicle before the action was begun.

3. SAME—*Error in Instructions—Not Determined in Absence of
Evidence.* In the absence of the evidence or of its purport it
can not be determined upon appeal that instructions given by
the trial court were inapplicable to the issues actually tried,
and even if they were not abstractly correct under the plead-
ings it can not be said that the error was so material as to
require a reversal.

4. JUDGMENT—*Trial Court May Correct Entry as to Costs.* The
judgment was rendered in favor of the defendant and an
intervenor for costs, whereas the verdict of the jury found
in favor of the defendant alone. It appears that the form
of the judgment, which was prepared by counsel and en-
tered by the clerk, was not brought to the attention of the
trial court. *Held,* that this irregularity could have been cor-
rected without an appeal, and that upon a remand the trial
court may correct the entry and make a proper apportionment
of the costs.

Appeal from Barber district court; PRESTON B.
GILLETT, judge. Opinion filed April 10, 1915. Modified.

*Samuel Griffin,* of Medicine Lodge, for the appellant.

*A. L. Noble, J. N. Tincher,* both of Medicine Lodge,
and *Keith S. Simpson,* of Kiowa, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: James E. Ely brought this action against T. S. Holloway to recover possession of an automobile alleged to be wrongfully withheld from him by the defendant, and he also asked damages against the defendant for the unlawful detention.   He alleged that the automobile had been placed in the garage of Holloway, who had been changing and working upon it contrary to instructions, and had allowed another to use it without authority or right.   Defendant answered denying the averments of the plaintiff, and he further alleged that the automobile was owned by one J. M. Miller, but this plaintiff denied in his reply.   Miller intervened, by leave of court, and alleged, substantially, that plaintiff had sold the automobile to him in consideration of the transfer of a good and sufficient title to a certain lot in Kiowa, Kan., and a one-third interest in two notes for $1000 each which should be transferred by him to plaintiff by simple indorsement, but not guaranteeing payment, and further, that the deal was to "be completed and all transfers made on or before the 25th day of April, 1912, or as soon thereafter as practicable."   Plaintiff answered the intervenor and alleged fraud and misrepresentation on the part of the intervenor as to the value of the lot and as to an opportunity to sell it for $500, and also that it was agreed that he was to retain possession of the automobile until the transaction was completed.   He alleged, too, that intervenor had failed to comply with the terms of the contract as to the completion of the transaction, and had proposed terms which differed from those in the contract, all of which damaged plaintiff in the sum of $727.93.   The jury returned a verdict for the defendant Holloway without mentioning the intervenor, and plaintiff's motion for a new trial being overruled he appeals.

Plaintiff first insists that error was committed in permitting Miller to intervene.   The code expressly

provides that one not an original party to an action brought to recover real or personal property may, on leave of court, be made a party for the protection of a right or interest in the subject matter of the controversy. (Civ. Code, § 41.) Holloway had alleged that plaintiff was not the owner of the automobile, and also that it was the property of Miller, but it appears that Miller chose to interpose his own claim of ownership of the automobile, and to proceed in his own name for the protection of his interest in it. Under the provisions of the code and the claims set up by Miller no error was committed in allowing him to intervene in the action.

There is complaint that Holloway was permitted to defend and offer testimony in the case on the theory that he was entitled to possession of the automobile because of garage and repair charges, whereas the issue presented by his answer was ownership by Miller. It appears, however, that his claim of a lien on the automobile for repair and garage charges was raised in the pleadings. In his petition the plaintiff averred that he had placed the automobile in the garage of Holloway for work, labor and repairs, and that although he had offered to pay Holloway for all work done and repairs made on the automobile his demand for possession of it had been refused by Holloway. He further alleged that Holloway had done work on the automobile not ordered by him, and had permitted others to use the automobile, in violation of his instructions. Holloway's denial put in issue these averments, including whether proper garage charges had been made by him, and whether payment had been tendered by plaintiff and refused by Holloway. Holloway was entitled to hold possession of the automobile until the charges for repairs and alterations which he had made under the direction of the plaintiff had been paid. Under his general denial he was also entitled to show that plaintiff was not entitled to the possession of the automobile, because of having parted with the owner-

ship and right of possession of the same before the action was brought. (*Kennett v. Fickel*, 41 Kan. 211, 21 Pac. 93; *Street v. Morgan*, 64 Kan. 85, 67 Pac. 448.) Ownership of the automobile was therefore drawn in issue between the plaintiff and Holloway, as well as between plaintiff and Miller. From the record brought here it does not appear that there was any conflict between Holloway and the intervenor, and it may be true, as the plaintiff contends, that the issues might have been tried out if Miller had been substituted for Holloway as defendant. However, Holloway and Miller had separate and distinct interests in the property, and each was entitled to continue as a party, and to protect his own interest.

Complaint is made of the instructions given by the court, which were to the effect that if the just and lawful charges of Holloway against plaintiff for repairs and storage of the automobile were not paid or offered to be paid by the plaintiff he would be entitled to the possession of the automobile, and, further, that if plaintiff authorized Miller to use the automobile after the sale and pending the completion of the transaction, and if in accordance with such authority the automobile was used by Miller and thereby repairs were made necessary and garage charges were incurred in favor of Holloway which became liens on the property, the plaintiff was not entitled to recover possession of the automobile until payment or offer of payment of these had been made. It is not contended that the instructions stated a wrong rule if the issues and facts in the case warranted them, but the contention is that the plaintiff did not authorize the use of the automobile by Miller pending the completion of the exchange and that the instructions were therefore unwarranted; but in the absence of the evidence it can not be determined that no authority was given for the use of the automobile by Miller. Without the evidence or its purport it can not be said that the instructions were inapplicable to the issues ac-

tually tried, and even if they were not abstractly correct under the pleadings it can not be said that the error was material. (*Woodford v. Light Co.*, 77 Kan. 836, 92 Pac. 1133.) For the same reason other objections to the instructions are not open for consideration.

There is a further contention that the judgment in favor of Miller for costs is not warranted by the verdict. Only two forms of verdict were submitted to the jury, one in favor of the plaintiff and another finding in favor of the defendant Holloway. The verdict returned was, "We, the jury empaneled and sworn in the above-entitled case, do upon our oath find for the defendant, T. S. Holloway." On this verdict a judgment for costs was rendered against the plaintiff and in favor of Holloway and Miller. As the jury made no finding in favor of Miller the entry of a judgment in his favor was not justified. It appears, however, from the counter-abstract that the form of the judgment was prepared by counsel for plaintiff after the term ended and after the notice of the appeal had been served. The form of entry was plaintiff's own interpretation of the verdict, and it was entered by the clerk as it had been prepared and handed to him. It does not appear from the record that this feature of the judgment has ever been brought to the attention of the trial court, and only such questions as have been considered and determined by that court are open to review here. A motion to correct the entry in this respect or to retax the costs would have afforded the court an opportunity to have made the correction and an apportionment of the costs. An appeal was not necessary for that purpose, but an appropriate order as to costs can be made when the case is remanded to the district court.

The judgment is affirmed in all respects except as to costs, and as to them the case is remanded for the further order of the district court.