No. 23,201.

MRS. N. J. UPTON, *Appellee*, v. A. L. J. PENDRY and H. E.
PENDRY, *Appellants*.

### SYLLABUS BY THE COURT.

1. REPLEVIN—*Verified Petition May Answer Purpose of Replevin Affidavit.* In an action in replevin, where the petition contains all the requisite allegations of a replevin affidavit as prescribed by the civil code (§ 177) and such petition is positively verified, it answers the purposes both of a petition and a replevin affidavit; and although an amended petition is afterwards filed, the original petition continues sufficient to serve as an affidavit in replevin.

2. SAME—*Sheriff's Return—Time for Filing Redelivery Bond.* The sheriff's return to the writ of replevin examined, and held not to be susceptible of an interpretation that the goods seized in replevin were delivered to plaintiff without giving the defendants twenty-four hours in which to file a redelivery bond.

3. SAME—*Goods Sought to be Recovered Sufficiently Described in Affidavit.* In an action in replevin, where the property whose possession is demanded consists of several hundred articles used in conducting a hotel, and a schedule of two or three hundred articles is itemized, and the aggregate value is given but the separate value of each article is not given, and by leave of court the replevin affidavit is amended to show that plaintiff intended to claim all the goods and chattels in the hotel premises described and that the aggregate value of all the property demanded did not exceed the aggregate sum first named, it is held that such affidavit and amendment, together with the list of goods described and the claim made to all the goods, is a sufficient description of the property, and that the stating of the separate value of each of so extended a list of chattels was not practicable, and that the stating of their aggregate value was sufficient.

4. SAME—*Separate Trials as to Plaintiff's Right to Recover and Defendants' Counterclaim for Damages.* In an action in replevin, where defendants' answer sets up an extended counterclaim in several counts for damages chiefly based on the alleged wrongful seizure of the replevined property, and consequential and punitive damages arising therefrom, the trial court in the exercise of its discretion and to expedite the administration of justice may postpone the hearing on the matters covered by the counterclaim until after the question of plaintiff's right to possession of the goods at the commencement of the action in replevin is determined.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 12, 1921. Affirmed.

*A. A. Graham,* and *H. E. Pendry,* both of Topeka, for the appellants.

*Joseph G. Waters, John C. Waters,* and *Edward Rooney,* all of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action in replevin for the possession of goods and chattels pertaining to a hotel. Plaintiff's original petition exhibited a "Schedule A" which described the property, and contained the usual allegations of ownership and right to immediate possession, the wrongful detention by the defendants, that the property was not taken on execution to satisfy a judgment, nor for the payment of a tax or fine nor by virtue of any order issued in replevin' or other mesne or final process. The schedule attached to the petition contained a list of some two or three hundred articles. The petition alleged that their aggregate value was $800, but did not attempt to state the value of each separate article.

This petition was sworn to by the positive affidavit of plaintiff, and was filed on July 7, 1919. The same day the clerk of the court issued to the sheriff an order for the delivery of the property to the plaintiff. On the following day, July 8, 1919, plaintiff filed an amended petition, which contained the same recitals as her original petition with the addition of an allegation of her residence, and added a second and third count against defendants for damages. This amended petition referred to a "Schedule A" as being attached to it, but it was not in fact so attached. It was attached to the original verified petition. Three days later, on July 11, the plaintiff filed a paper in the nature of a motion and entitled "Amendment to Replevin Affidavit," reciting that she deposed on oath that in her original affidavit she intended to claim all the chattels in the premises described except in the basement and that in her original list she had omitted many articles, towels, pots, pans, family heirlooms, etc., which she therein set out, alleging that the total value of this second list together with those articles set out in her original schedule did not exceed the total value of $800. Plaintiff prayed that this second list of articles be added to the original schedule and that the sheriff be ordered

to deliver them all to her. This motion was presented to the trial court, and it was ordered:

"Now on this 11th day of July, 1919, it having been made to appear to the court that it was the intention of the affiant in the replevin affidavit in this cause to include all property located in the first, second and third stories of the hotel at 118 W. 6th Street, except the basement, and including all property in the upstairs of the barn on said premises. The court further finds that the value of said property was included in plaintiff's affidavit, and that the total of all such property does not exceed eight hundred dollars.

"It is therefore by the court considered, ordered and adjudged that the Clerk of the District Court issue a supplemental order in said cause directing said sheriff to put plaintiff in possession of all personal property, as aforesaid, found in said hotel at 118 W. 6th Street, excepting the basement thereof, including the upstairs to the barn located on said premises.                                          "ROBERT GARVER, *Judge.*"

Pursuant thereto, a supplemental order was issued to the sheriff, to which he made the following return:

"Received this Writ, this 11th day of July, A. D. 1919, at 2:45 o'clock p. m., July 11th, 1919. Executed the same by seizing and taking the within-named goods and chattels into my custody, and delivering the within-named defendants, A. L. J. Pendry, H. E. Pendry a copy thereof.

"The within-named goods was turned over to plaintiff by me for reason that defendants did not give redelivery bond within 24 hours after serving this order.                        "HUGH LARIMER, *Sheriff*,
                                        "By C. W. CARLSON, *Deputy*, and
                                        "G. W. LARIMER, *Deputy*.

"Filed Jul 18 1919. Mary E. Chapin Clerk District Court."

On July 17, 1919, plaintiff filed an affidavit reciting:

"That the defendants failed to give a redelivery bond within twenty-four hours and that the sheriff delivered the possession of said property to the plaintiff and notwithstanding said order the defendants refuse to let plaintiff remove and take possession of said property and remove the same from the hotel at 118 W. 6th Street, Topeka. And has eloigned much of said goods."

The defendants were cited to appear for examination touching the concealing and "eloigning" of certain articles of the replevined property, and a hearing was had on the following day. The journal entry recites:

"Now, on this 18th day of July, A. D. 1919, comes on to be heard plaintiff's motion to require defendant to produce the property. Both plaintiff and defendant were present in court in person and by their attorneys.

"Whereupon, testimony was introduced by both sides and the cause

Upton v. Pendry.

submitted to the court, and the court after being fully advised, ordered that the defendant immediately deliver to the Sheriff of Shawnee County, all property in their possession which was in the Hotel Victoria at the time öf the issuance of the replevin order in this cause.

"ROBERT GARVER, *Judge.*"

Later, on October 13, 1919, by permission of court, the defendants filed an answer and counterclaim for damages.

The cause was tried in March, 1920, and the jury returned a verdict for plaintiff. No abstract of the evidence is presented, but we note that among the special questions answered by the jury is the following:

"4. What was the reasonable and fair price or charge for the accommodations in said hotel furnished the plaintiff for herself and her agents, servants and employees from the time defendant, A. L. J. Pendry, was put in possession of the same by the marshal of the Court of Topeka, on or about the 3d day of July, 1919, until they finally moved out of said hotel on or about the 12th day of July, 1919? Ans. Nothing under the circumstances."

The record of judgment thereon reads:

"Thereupon, the court received the verdict of the jury and the special questions and answers thereto and ordered the same filed with the clerk of said court, thereupon, discharging the jury from the further consideration of said case.

"It is, therefore, by the court, considered, ordered and adjudged, That said verdict with the questions and answers be filed and entered of record, *final judgment being reserved.*"

On April 17, 1920, a hearing was had on defendants' motion for a new trial. The motion was overruled.

Defendants appeal.

It has been no small task to this court to put together in sequence, from the abstracts of the parties and the files of this court and of the district court, the foregoing chronicle of the principal features of this lawsuit. With that done, however, and following closely the appellants' specifications of error, our task becomes less difficult.

The first error urged is the overruling of defendants' motion for judgment on the pleadings.

This is based upon the fact that the affidavit and schedule A were not physically attached to plaintiff's amended petition. But the affidavit and schedule A were attached to plaintiff's original petition, and this was still on file. It was not necessary that the replevin affidavit be written on a separate sheet

of paper. All the requisite allegations of a replevin affidavit were in the petition, and when verified it stood both for a petition and an affidavit; and although the pleading was abandoned as a petition when the amended petition was filed in its stead the original document still served the purpose of a replevin affidavit. In 34 Cyc. 1432, it is said:

"If plaintiff's pleading contains a statement of every fact which the statute requires to be shown in the affidavit, and the pleading is verified by affidavit covering every statement therein, this will be sufficient without a separate affidavit; but in no event can the pleading supply the absence of the affidavit unless all that the affidavit is required to contain is embodied in the pleading, and the pleading is verified in the form as required in the case of a separate affidavit. On the other hand, the affidavit need not be annexed to the pleading or filed contemporaneously with it, but may be an independent instrument."

Defendants' motion for judgment on the pleadings was properly overruled.

The second, third and part of the fourth assignments of error are chiefly founded on the consequences supposed to flow from an entire absence of a replevin affidavit and description of the property sought to be replevined—error in overruling defendants' objection to the introduction of evidence, error in overruling defendants' motion to set aside the order of delivery, and overruling the motion of defendants to dismiss plaintiff's action. On these, it is argued that there was no affidavit such as is positively required by statute, that in the supplemental order of delivery "all personal property found in the hotel," etc., was not a description of the property claimed, as required by the civil code (§ 177), and that no value was shown as to the goods demanded under the amendment to the replevin affidavit.

Much of the argument on these propositions becomes pointless when, as we have shown above, the original verified petition with the schedule of property attached did constitute a sufficient affidavit in replevin. No error can be discerned in denying the motion to set aside the order of delivery. Because the sheriff's return shows that the writ was served on defendants on July 11, 1919, and the goods seized the same day, and no other date is set down reciting when the goods were delivered to plaintiff, it is argued that "absolutely not one moment's time was offered or permitted the defendant to file a

redelivery bond." The sheriff's return is not susceptible of such an interpretation. While the date of delivery is not given in the sheriff's return, it expressly recites that the goods were turned over to plaintiff "for the reason that defendants did not give a redelivery bond within twenty-four hours after serving this order." There is also in the district court files of this case an affidavit of plaintiff that defendants failed to give a redelivery bond within twenty-four hours.

It is also contended that the amendment to the replevin affidavit did not cover the matters prescribed by section 177 of the civil code, such as description of the property, the value of the separate articles as nearly as practicable, etc. The original schedule A contained a comprehensive list of two or three hundred articles, the supplemental affidavit recited that plaintiff intended to claim all the chattels at the premises described, and described them as best she could, and deposed that they together with the goods set out in the original schedule were of the aggregate value of $800 and not more. When property to be recovered in an action in replevin consists of several hundred articles, such as the miscellaneous goods and chattels for conducting a hotel, it would seldom be possible and scarcely ever be practicable to describe these in detail with the value of each particular pot, pan, towel, spoon, chair, quilt, pillowcase, etc. When plaintiff set out in her original schedule the two or three hundred articles enumerated, and supplemented that with a showing—before the court itself—that she intended to claim all the chattels on the premises defined, and gave their aggregate value, she complied with the statutory requirements as to description and value as nearly as practicable—at least, it must be so held, on appeal, when no showing is made of any prejudice to defendants because a more detailed schedule of description and separate values was wanting. (*Brady v. Whaley,* 79 Kan. 33, 98 Pac. 1134.) In *Threshing Machine Co. v. Francisco,* 106 Kan. 704, 708, 189 Pac. 919, it was said:

"The affidavit could have been amended so as to comply with the statute. (*Burton v. Robinson,* 5 Kan. 287; *Meyer v. Lane,* 40 Kan. 491, 20 Pac. 258; *Rothweiler v. Mason,* 92 Kan. 612, 141 Pac. 245; 34 Cyc. 1439.) It does not appear that the defect in the affidavit was called to the attention of the trial court. The action could have proceeded to final judgment without any affidavit. (*Lamont v. Williams,* 43 Kan. 558, 23 Pac. 592; *Varner v. Bowling,* 54 Kan. 380, 38 Pac. 481.)"

Moreover, this action and all these proceedings were had in the district court, not before an inferior court whose jurisdiction would largely depend upon the value of the chattels in controversy. (34 Cyc. 1436-1438.)

The fifth specification of error, and the last clause of the fourth, relate to the trial court's refusal to permit the defendants to litigate the matters involved in their counterclaim along with the question of plaintiff's right to the possession of the property. This was a matter within the discretion of the trial court. The counterclaim was for damages in ten counts, aggregating $10,537, because of alleged wrongs of plaintiff in the matter of rents, occupation of certain rooms in the hotel by plaintiff, for "wrongful, malicious, wanton, fraudulent and grossly oppressive taking of goods on void orders" in replevin, "damages punitive, in rendering sick, making hysterical by the malicious, wanton, grossly oppressive, abusive, fraudulent, illegal taking under void orders," and "otherwise in like manner abusing and mistreating both defendants, and in illegally, wantonly, fraudulently, maliciously and oppressively violating their legal, personal rights of possession both of premises and property therein contained at 118 West Sixth street, Topeka, Kansas," etc. There is much of that sort of recital in defendants' counterclaim, and the trial court might well and reasonably seek to avoid the necessarily long and distracting portrayal of all these alleged wrongs, if perchance this could be avoided, as most of it certainly would, should it transpire that plaintiff had the right to possession of the replevined goods. The plaintiff's right to the goods being established, the material matters set up in the counterclaim will be greatly abbreviated, and so the court committed no error in postponing a hearing on the counterclaim. On that subject the trial court instructed the jury:

"8. Various claims for damages are made by the defendants against the plaintiff, set out in their answer, based upon the further claim that the possession of the goods was taken by plaintiff under the writs in this action, wrongfully and unlawfully, and that defendants have suffered damage on account of such conduct and acts of the plaintiff since the filing of the petition in this action. As to the claims of this character, made in the defendants' answer, the court will simply say to you that these claims are not properly triable in this action but if defendants have any such claim or claims for damages arising since the commencement of this suit, and out of the proceedings herein, the same will have

to be presented, if at all, in some suit brought hereafter, and after the termination of this action, and the defendants will not be concluded by the verdict or judgment herein from hereafter suing plaintiff on such claims."

It is perhaps fortunate for defendants that the trial court so declared, otherwise they might be in serious difficulty because they did not produce the evidence on the motion for a new trial which the trial court "refused to permit the defendants to introduce." (*Scott v. King,* 96 Kan. 561, 152 Pac. 653; *Elliott v. Oil Co.,* 106 Kan. 248, 251, 187 Pac. 692.)

There is no material error in the record.   Affirmed.