No. 23,201.

MRS. N. J. UPTON, *Appellee,* v. A. L. J. PENDRY AND H. E. PENDRY, *Appellants.*

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion denying a rehearing filed January 7, 1922. (For original opinion of affirmance see 109 Kan. 744.)

*A. A. Graham,* and *H. E. Pendry,* both of Topeka, for the appellants.
*Joseph G. Waters, John C. Waters,* and *Edward Rooney,* all of Topeka, for the appellee.

OPINION DENYING MOTION FOR REHEARING.

The opinion of the court was delivered by

DAWSON, J.: The motion for a rehearing has been carefully noted, but it indicates nothing material which the opinion of the court already rendered has overlooked. However, it does point out a possible inaccuracy in our chronicle of the lawsuit, which the court is pleased to correct, not because it is important but because appellants seem to think it is. We said: "Plaintiff filed an affidavit," etc. It may or may not have been filed by plaintiff. It was apparently filed in her behalf. Plaintiff did not make the affidavit; but we attach no significance to that. It was made by one Mrs. Fannie A. Danner, a person who seems to have been conversant with the facts. But from this triviality it is absurd to make such a deduction as the following:

"This court now holding that Mrs. Fannie A. Danner is the real party plaintiff, approves defendants' claim of wrong party plaintiff, referring to Mrs. N. J. Upton, the record plaintiff."

Affidavits of a former undersheriff and a deputy sheriff, who served the writ of replevin on defendants, are now tendered to this court to show that the list of articles to be seized was wanting or incomplete. These affidavits cannot be received. This court is not trying this lawsuit; its jurisdiction is limited to a review of errors alleged to have been made by the district court which did try this

lawsuit. (*Wideman v. Faivre*, 100 Kan. 102, 107, 108, 163 Pac. 619.)

Again it is urged:

"8. That the court has overlooked the fact that there was never any judgment rendered in the trial court, and, therefore, this court cannot affirm, for there is nothing to affirm."

On the contrary, our opinion noted that fact, and confined its scope to matters properly reviewable. A judgment not yet rendered presents nothing for review.

Motion denied.