No. 34,522

W. Lee Lewis (Plaintiff), *Appellee*, v. John Dodson (Defendant), *Appellant.*

(100 P. 2d 640)

Opinion filed April 6, 1940.

*Kenneth K. Cox,* of Wichita, for the appellant.

*L. R. Fulton, Z. Wetmore, George M. Ashford* and *Waldo B. Wetmore,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action in replevin, and from an adverse judgment defendant appeals.

The litigation arose out of the following facts, which are undisputed. Under date of February 22, 1938, Air Cooling & Heating Company made a proposal in writing to the defendant, John Dodson, to install a cooling plant in his barbershop in Wichita, at a price of $507. Thereafter and under date of March 21, 1938, Dodson gave the company a written order for a described conditioner and pump to be installed as stated in the proposal, the price to be $507, on which he was given a credit of $107 for a used conditioner, pump and pipe, the balance of $400 to be paid $100 on May 15, and $300 on July 15, 1938. The conditioner and equipment were installed by May 7, 1938. On May 27, 1938, Dodson executed and delivered to the company an instrument in writing containing the elements of a conditional sale or title note in the body of which Dodson acknowledged receipt and acceptance of the conditioner, pump and equipment, for which he promised to pay $515 as follows: $217 cash, balance of $298 on July 15, 1938. There was a reservation of title in the seller until the purchase price was fully paid, and a further statement Dodson had thoroughly inspected the property, that it

was satisfactory, etc., and as to third persons purchasing the instrument Dodson waived all rights of action, setoff and counterclaim he might have against the seller. This instrument was assigned to plaintiff. On the due date the plaintiff made a demand for payment of the $298; that demand was refused and thereafter this action was commenced in the city court of Wichita, by the filing of an affidavit in replevin, and on trial a judgment was rendered in favor of plaintiff. An appeal was taken to the district court.

No formal pleadings were filed either in the city court or in the district court. In the district court appellant objected to the introduction of evidence and moved that the action be dismissed, the contention there made and here repeated being the affidavit in replevin was insufficient to invoke the jurisdiction of the court because several articles were claimed, and the affidavit failed to set out the value of each article as required by G. S. 1935, 61-502, *Fifth* clause. With slight variations, the original proposal of February 22, 1938, the order of March 21, 1938, and the instrument of May 27, 1938, each described the equipment being sold and purchased as "Comfortaire Conditioner, No. S2-16½; Weil Electropump No. 5440, and all installation equipment." The affidavit in replevin so described it, and attached to the affidavit was a copy of the instrument of May 27, 1938, bearing the assignment to plaintiff. There are a number of reasons the complaint is not good. It does not appear the question was raised in the city court. It does appear the two described articles were part of equipment having a single value for the purposes of the proposal, order and title note. It likewise appears that the value alleged, *i. e.*, $298, was within the limits of the jurisdiction of the city court. And finally it does not appear that it would have been practicable to have separately valued the integral parts of the equipment. There is no complaint the affidavit was not otherwise fully sufficient. Even though it might be said to have been irregular because not containing a more complete statement of values, the affidavit was sufficient to vest the court with jurisdiction. (See *Williams v. Gardner*, 22 Kan. 122, and *Upton v. Pendry*, 109 Kan. 744, 202 Pac. 73.)

The gist of the defense, as outlined by defendant's counsel orally at the start of the trial, was that defendant had been induced through fraud to contract for the purchase of the air-conditioning equipment in that the Air Cooling and Heating Company had represented to him that water of sixty degrees or lower would be obtained

for operation of the plant, and that it had not been done. Considerable evidence to prove and disprove that contention was admitted, and the cause was submitted to the jury under instructions of which no complaint was made. The court instructed the jury that it was admitted by all parties that the property was sold to the defendant and that the title note or sales contract was sold to the plaintiff, and that the burden of proof was upon the defendant to prove he was induced to sign the title note or sales agreement by fraudulent representations and that in order to be fraudulent the representation must refer to a present or past state of facts, and not a promise looking to the future. The jury returned a general verdict in favor of the defendant and answered two special questions:

"1. Do you find that false representations were made to the defendant at the time the contract involved was signed by him? A. Yes.

"2. If you answer question No. 1 in the affirmative, state in substance what false and fraudulent representations were made to the defendant which induced him to sign the contract. A. The preponderance of the evidence shows that the defendant was promised, or led to believe, that water of sixty degrees or lower would be obtained and it was not furnished. This fact being known by the representative of the Air Cooling & Heating Company at the time the defendant was induced to sign the contract."

Following return of the verdict, the plaintiff filed what was denominated "motion for judgment *non obstante veredicto.*" It asked that the court render judgment in favor of plaintiff and against the defendant for four reasons: (1) Because the verdict was not supported by and was contrary to the special answers; (2) the special answers failed to establish any defense; (3) the evidence failed to establish any defense, and (4) under the law, the evidence and the admitted facts, plaintiff, as a matter of law, was entitled to judgment. The plaintiff also filed a motion for a new trial, but it was withdrawn. The trial court sustained the first motion, not indicating on which particular ground it relied. The defendant appeals.

Appellant presents an argument, citing many authorities, to the effect that the general verdict was in his favor and imports a finding in his favor upon all the issues which are not inconsistent with the special findings; that the special findings can be reconciled with the general verdict, and the trial court erred in holding otherwise. The general statement of the law is correct and the result contended for might follow. The record does not disclose the trial court based its ruling on that particular ground. If the motion was properly sustained on another ground, it may not be said there was reversible error.

Although a motion for judgment *non obstante veredicto* is usually held to be a concession that the special findings are supported by the evidence (*Webb v. City of Oswego*, 149 Kan. 156, 162, 86 P. 2d 553), and would apply to the first ground of the motion, it could hardly be applied to the third and fourth grounds, *i. e.*, that the evidence fails to establish a defense, and that under the law, the evidence and the admitted facts, judgment should be for the plaintiff. There is no dispute that following the proposal to install the equipment, a contract was entered into on March 21, 1938, for its installation. Without detailing it, the evidence tending to show fraud was that the Air Cooling and Heating Company had represented that in connection with the installation, it would drill a well to obtain water for cooling purposes; that it had drilled other wells and that the temperature of the water to be obtained would be sixty degrees; that the well was drilled, but the temperature of the water was sixty-eight degrees. The installation of the equipment was completed and the truth or falsity of the claimed misrepresentation was apparent, when, on May 27, 1938, the defendant executed the title note, in which he explicitly stated he had received and accepted the equipment and that as to third persons purchasing the note he waived all setoffs and counterclaims he might have against the seller. Thereafter and before maturity, the plaintiff bought the note. There was no evidence offered tending to show that plaintiff had any notice whatever of any claimed fraud at the time he purchased the note nor until after its maturity when he demanded payment. An examination of the title note leads to a conclusion that it was a negotiable instrument and that plaintiff was a holder in due course, and that if any fraud inhered, it was not available as a defense. We prefer, however, to say the judgment of the trial court was correct for the following reason: At a time when the defendant was aware the seller had not furnished a well with water of a particular temperature, he executed the title note above referred to, some of the statements of which were that as to third persons purchasing the note, he waived any claims he might have against the seller. That statement led the plaintiff to purchase, and under familiar principles of law the defendant may not now say otherwise.

The judgment of the trial court is affirmed.