No. 37,274

The Farmers & Merchants State Bank, *Appellant*, v. L. E. Hunter and T. E. Hunter, *Appellees.*

(199 P. 2d 196)

Opinion filed November 13, 1948.

*Claude I. Depew,* of Wichita, argued the cause, and *W. E. Stanley, Lawrence Weigand, Wm. C. Hook, Lawrence E. Curfman, Byron Brainerd* and *Wm. C. Kandt,* all of Wichita, were with him on the briefs for the appellant.

*E. Lael Alkire,* of Wichita, argued the cause, and *Charles F. McClintock,* of Wichita, was with him on the brief for the appellees.

The opinion of the court was delivered by

Cowan, J.: The appellant bank, on March 27, 1947, brought a replevin suit against the defendants, T. E. Hunter and his wife, L. E. Hunter, to recover an automobile on which it claimed a valid mortgage. The plaintiff appeals from an adverse judgment entered on the verdict of the jury in favor of the appellees.

In January, 1947, J. M. Woltz approached the plaintiff bank to accept mortgages on several automobiles, including some he expected to buy. Woltz went to Missouri, purchased the 1946 Ford here involved and paid for it by draft on plaintiff bank, which draft had attached to it the Missouri certificate of title which had been

duly assigned to "Woltz Used Cars—J. M. Woltz." The draft was paid by the bank. On February 20, 1947, Woltz executed to the bank a chattel mortgage on the 1946 Ford, which mortgage was properly recorded with the register of deeds of Sedgwick county, Kansas (the county of Woltz'. residence), on February 20, 1947. The car was left in the possession of Woltz and on March 5, 1947, he sold it to the defendants, the Hunters. Woltz never had possession of the certificate of title and at the time of the sale to the Hunters did not transfer to them the certificate of title but did issue a dealer's bill of sale, which bill of sale Mrs. Hunter read and the defendant, T. E. Hunter, read "in a way." This bill of sale under the title "Instructions" contained the following statement: "Certificate of title must be assigned and delivered to purchaser when vehicle is sold." Mrs. Hunter admits reading this specific portion of the instructions. Apparently the Hunters made no immediate attempt to get a certificate of title. The mortgage became due thirty days after February 20, 1947, and upon refusal of the defendants to deliver the car to plaintiff, the bank brought this suit, setting up its mortgage, that the same was due and unpaid and that due demand for immediate possession had been made and refused. Bond was filed, possession was obtained for the bank by the authorities. The case was tried to a jury, which returned a verdict in favor of the defendants. After the overruling of motion by plaintiff for a new trial, judgment was entered by the district court in favor of the defendants.

It was the defendants' theory that the legal title to the car was in Woltz, which title he had a right to transfer without the assignment of the certificate of title; that the bill of sale made such transfer; that the bank, by its course of dealing or agreement with Woltz, authorized Woltz to sell the Ford automobile in his business and then remit on the mortgage; that said arrangement constituted what is known in the trade as a "floor-plan mortgage." Woltz, who is now confined in the state penitentiary because of his misdeeds, testified by deposition in this case. The undisputed evidence of both Woltz and the officers of the bank is that the bank specifically refused to accept a floor-plan mortgage; that it did not authorize Woltz to sell the car without first taking care of the mortgage; and that, as to the other transactions between the bank and Woltz, the mortgages were either paid off and the bank thereupon delivered the certificates of title, or the purchaser arranged with the bank for

a new mortgage on the same car which was accepted by the bank as mortgagee. Woltz never had the certificate of title in his possession, as such certificate accompanied the sight draft drawn on the plaintiff bank and was transmitted by mail from the seller to the bank. These facts are uncontradicted.

The plaintiff complains of admission of evidence, of instructions given by the court, instructions requested by it and refused, and of the overruling of its motion for a new trial. In the view we take of the case, only one specification of error need be noted. Plaintiff, at the close of all the evidence, requested the court to give the jury a peremptory instruction in plaintiff's behalf. This was refused. The instruction should have been given. The legislature of the state of Kansas has laid down special rules applicable to transfer of title to automobiles. In the recent case of *Simms v. Sugg,* 165 Kan. 489, 196 P. 2d 191, this court had occasion to go into the question at length. There Sugg purchased a car in Missouri of Simms for a cash consideration and gave in payment for the car a check drawn on a bank at Eureka, Kan. Simms, the owner of the car, assigned the Missouri certificate of title to Sugg and gave the certificate to Sugg together with the car. Sugg took the car to Kansas, did not record the certificate of title but sold the car to Williams, a motor-car dealer. At the time of the sale of the car to Williams, Sugg did not assign or transfer the certificate to Williams. The check given by Sugg to Simms was presented in due course to the bank on which it was drawn and was protested for nonpayment because of "no funds." Simms brought suit against Sugg and Williams for the car. This court held that Williams got no title to the car; that the title to a foriegn car had to be registered in this state and it was the duty of the purchaser, Williams, to ascertain whether there had been a compliance by the seller with the provisions of the Kansas law with reference to registration in this state of title to the foreign car. Attention was called to G. S. 1945 Supp. 8-135, reading, in part, as follows:

"(c) (6) On and after July 1, 1937, it shall be unlawful for any person to buy or sell in this state any vehicle required to be registered hereunder, unless, at the time of delivery thereof there shall pass between the parties such certificate of title with an assignment thereof, as herein provided, and the sale of any vehicle registered under the laws of this state, without the assignment of such certificate of title, shall be fraudulent and void."

Under the above case and statute the attempted sale and transfer of the automobile from Woltz to the Hunters was fraudulent and

void. The Hunters obtained no title whatever, legal or equitable, to the automobile. The bank's mortgage was valid and superior to any claim of the Hunters. Judgment should have been entered in favor of the bank and against the defendants.

The case is reversed, with directions to enter judgment in favor of the bank as prayed for by it and against the defendants, T. E. Hunter and L. E. Hunter.